HENRY W. ROOD *v.* ERASMUS W. WINSLOW, JOHN F. PORTER AND JOSEPH G. AMES.

Where A was pardoned on condition he secured the payment of $1,000 to the county, and the county commissioners took a mortgage to themselves, instead of the county, *it was held*, that the mortgage was good, the commissioners being trustees for the county, by implication of law, from the nature of the transaction.

Lawful imprisonment, without illegal force, hardship, or privation, constitutes no duress to avoid a contract.  *Semble.*

*Held*, that where, on a bill filed to set aside a mortgage as wholly void, it was decreed that the mortgage was good as to part of the amount secured by it, but void as to the residue only, costs were properly awarded against the complainants.

Where, in a conditional pardon, the person pardoned was required to secure the payment of $1,000 to the county, and the county commissioners obtained a mortgage for $1,150, the mortgage was held good as to the $1,000, and void as to the residue.

APPEAL from Chancery.   (*Vide* Walk. Ch. R. 340.)

The bill was filed by Rood to restrain a statutory foreclosure, and have the mortgage delivered up and cancelled.

The case was in substance as follows:  At the November term, 1838, of the Berrien Circuit Court, one Shurte was convicted, on three several indictments for larceny, and sentenced, on one, to a year's imprisonment and costs, and on each of the other two, to pay a fine of $500 (in all $1,000) and the costs of prosecution.  On the 9th of February, 1839, the governor of the state granted a pardon, requiring that Shurte should be set at liberty on his securing the payment, to the county, of the $1,000:—the pardon being silent as to costs.  On the 8th of May following, Shurte executed a mortgage to the defendants, "Erasmus Winslow, John F. Porter and Joseph G. Ames, and their successors in office, commissioners of the county of Berrien aforesaid, of the second part," conditioned for the payment to them, "their executors, administrators or assigns," of $1,150, and interest, on the 8th of November following—the $150 being added for the costs of the three prosecutions.  Shurte and wife conveyed the mortgaged premises to Heman Rood, December 16, 1839, who, on the 24th of January, 1840, conveyed the same to the complainant;—both conveyances containing covenants of seizin and warranty, and neither making mention of the mortgage.  The mortgage and deeds were severally recorded in the order in which they were executed.  The money not being paid when due, the defendants proceeded to foreclose the mortgage, by advertisement and sale under the statute, when the complainant filed the bill in this case, praying for an injunction to restrain the sale, and that the mortgage might be delivered up and cancelled.

On the hearing in the court below, the chancellor held the mortgage good for the $1,000, but void for all over that amount; and decreed that the complainant should pay the $1,000, with interest from the date of the mortgage,

and defendants' costs, in six months, or, in default thereof, the bill should be dismissed with costs.

From which decree the complainant appealed to this court.

*C. Dana*, for complainant.

*Charles E. Stuart*, for defendants.

GOODWIN, J. delivered the opinion of the court.

1. It is insisted, as a ground for reversing the decree of the chancellor, that the county of Berrien is a body politic and corporate by law, and that the mortgage should have been to it as such; that there being no "privity of contract, or consideration between the parties, and no declaration of trust," it is void.

It is true, that the county is, by statute, a corporate body, and the mortgage might well have been executed to the county, as such; but it does not hence follow that the deed is void, because taken to the commissioners by name. It is true, also, that the statute of frauds requires trusts concerning lands to be in writing, (R. S. 1838, p. 261,) but it expressly excepts such as may arise or result by implication of law. In this case, the money for which the mortgage was given, was a fine imposed by the circuit court of the county, and which, when paid, was to pass into the county treasury, to be distributed among the school districts in the county, for the support of school libraries. The commissioners were officers of the county, expressly charged by law with "the care of the county property, and the management of the business and concerns of the county;" and by the pardon, the money was to be secured to the county.

The commissioners, then, in taking the security, were acting as the lawful and official agents of the county. By implication of law, without any declaration, a trust arose,

and they took and held the mortgage as trustees for the county. The doctrine in 6 Paige, 355, cited by the defendant's counsel, is to this effect, and is correct in principle. Further, the defendants, in their answer, state that they so held it. It is said, that to every grant there must be grantees capable of taking. There can be no doubt of this. But here were three grantees who were so.

The cases relied upon of *Jackson* v. *Cory*, 8 John. R. 385, and *Hornbeck* v. *Westbrook*, 9 John. R. 73, are inapplicable to the present case. The former was a case of a grant made to the people of county of Otsego, and the latter, of a reservation to the inhabitants of the town of Rochester. Neither were corporations by law, and the deed and reservation were respectively held inoperative,— neither being to any corporation, or to any individuals by name, but to the "people," and the "inhabitants," at large. In the former case, the court held that, "a grant, to be valid, must be to a corporation, or some certain person must be named, who can take by force of the grant, and who can hold, either in his own right or as a trustee." Here the mortgage was to individuals by name, and who were, by operation of law, trustees in respect to it.

2. It is alleged that the mortgage was given under duress, and is therefore void. On this point the complainant's case fails in two respects;—first, duress is not alleged in the bill;—and, secondly, it is not shown by proof. The bill alleges that Shurte was in prison, but under a sentence of conviction by a court of competent jurisdiction. Lawful imprisonment constitutes no duress to avoid a deed or contract. To constitute it in such case, there must be undue and illegal force used, or the party made to endure unnecessary and unlawful privation, and be induced to execute the deed, or make the contract, to avoid such illegal hardship or privation. Here, nothing of this kind is pretended. It appears from the testimony of one of

the witnesses, that a previous mortgage had been taken to the treasurer of the county, by the prosecuting attorney, and Shurte liberated.   It is not produced, nor does it appear, that it was a valid security, taken in compliance with the terms of the pardon.   It was treated as a nullity. For ought that appears it was so, and the liberation of Shurte an escape ; and consequently, his re-capture and re-imprisonment lawful.

3.  A third ground of complaint against the decree, by the appellant, is, that while the chancellor, by his decree, abated from the mortgage the $150 costs embraced in the sentence of the circuit court, and not in the condition of the pardon, he yet gave costs against him.   The costs, by the statute, rested in the discretion of the chancellor.   If it appeared from the allegations and proofs, that the commissioners had required as a condition of Shurte's liberation, that the additional sum should be embraced in the security, and he was thereby induced to assent to it, and the complainant had, before suit brought, proffered payment of the $1,000 and interest, there might be some ground for this complaint.   Instead of this, they filed their bill to set aside the mortgage wholly.   Although there is not, in the bill, any specific allegation of any such exaction on the part of the commissioners, or any thing of the kind shown in the proofs, yet, under the broad aspect of the bill, and the circumstances of the case, the chancellor came to the conclusion that the amount included for costs should be abated from the mortgage, and that it should stand as a security for only the residue.   This was as favorable a view of it for the complainant as could well be taken, and, from the circumstances, no reason is apparent why he should not be charged with costs.

4.  But it is further insisted, that the addition to the amount specified in the condition of the pardon being improper, the mortgage should be deemed void *in toto*.

This is not within that class of cases in which instruments, for want of power to execute them, or for fraud, are held void *in toto ;* but rather that class in which the complainant seeking relief should do equity on his part, by paying or tendering the amount due.    The course adopted in this case, is similar to that of the Chancellor of New York in the case of *Eagleson* v. *Shotwell,* 1 John. Ch. R. 536, in this point analogous ; and no reason for complaint on the part of the appellant, against the decree, is perceived in this respect.

Upon the whole case, then, the decree should be affirmed with costs.

*Decree affirmed.*